MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MAURO CALLE, *individually and on behalf*
*of others similarly situated,*

       *Plaintiff*,

  -against-

CERTIFIED OF N.Y., INC. (D/B/A
CERTIFIED CONSTRUCTION), CNY
CONSTRUCTION MANAGEMENT INC.
(D/B/A CERTIFIED CONSTRUCTION), and
MICHAEL BORRICO,

       *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Mauro Calle ("Plaintiff Calle" or "Mr. Calle"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Certified of N.Y., Inc. (d/b/a Certified Construction), CNY Construction Management Inc. (d/b/a Certified Construction), ("Defendant Corporations") and Michael Borrico, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

    1.  Plaintiff Calle is a former employee of Defendants Certified of N.Y., Inc. (d/b/a Certified Construction), CNY Construction Management Inc. (d/b/a Certified Construction), and Michael Borrico.

2. Defendants own, operate, or control a construction company, located at 623 West 51st Street, New York, New York 10019 under the name "Certified Construction."

3. Upon information and belief, individual Defendant Michael Borrico, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Calle was an employee of Defendants.

5. Plaintiff Calle was employed as a construction worker at the construction corporation located at 623 West 51st Street, New York, NY 10019.

6. At all times relevant to this Complaint, Plaintiff Calle worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to pay Plaintiff Calle appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Calle to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Calle now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Calle seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Calle's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Calle was employed by Defendants in this district.

## PARTIES
*Plaintiff*

14. Plaintiff Mauro Calle ("Plaintiff Calle" or "Mr. Calle") is an adult individual residing in Queens County, New York.

15. Plaintiff Calle was employed by Defendants at Certified Construction from approximately 2006 until on or about January 3, 2018.

16. Plaintiff Calle consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a construction company, located at 623 West 51st Street, New York, New York 10019 under the name "Certified Construction."

18. Upon information and belief, Certified of N.Y., Inc. (d/b/a Certified Construction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 623 West 51st Street, New York, NY 10019.

19. Upon information and belief, CNY Construction Management Inc. (d/b/a Certified Construction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 623 West 51st Street, New York, NY 10019.

20. Defendant Michael Borrico is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Borrico is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Michael Borrico possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate a construction company located in the Hell's Kitchen section of Manhattan in New York City.

22. Individual Defendant, Michael Borrico, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Calle's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Calle, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Calle (and all similarly situated employees) and are Plaintiff Calle's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Calle and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant, Michael Borrico operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b. defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c. transferring assets and debts freely as between all Defendants,

  d. operating Defendant Corporations for his own benefit as the sole or majority shareholder,

  e. operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

  f. intermingling assets and debts of his own with Defendant Corporations,

  g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

  h. Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Calle's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Calle, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Calle's services.

29. In each year from 2012 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Calle is a former employee of Defendants who was employed as a construction worker.

32. Plaintiff Calle seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mauro Calle*

33. Plaintiff Calle was employed by Defendants from approximately 2006 until on or about January 3, 2018.

34. Defendants employed Plaintiff Calle as a construction worker.

35. Plaintiff Calle regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

36. Plaintiff Calle's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Calle regularly worked in excess of 40 hours per week.

38. From approximately January 2012 until on or about December 2016, Plaintiff Calle worked as a construction worker from approximately 7:00 a.m. until on or about 3:30 p.m. to 7:30 p.m., five to six days a week (typically 42 or 51 to 75 hours per week).

39. Throughout his entire employment, Defendants paid Plaintiff Calle his wages by check.

40. From approximately January 2012 until on or about December 2012, Defendants paid Plaintiff Calle $14.00 per hour for his regular hours and $16.00 per hour for his hours worked over 40.

41. From approximately January 2013 until on or about December 2016, Defendants paid Plaintiff Calle $16.00 per hour for his regular hours and $18.00 per hour for his hours worked over 40.

42. Plaintiff Calle's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43. For example, Defendants required Plaintiff Calle to work an additional 4 hours past his scheduled departure time five to six days a week, and did not pay him for the additional time he worked.

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calle regarding overtime and wages under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Calle an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Calle, in English and in Spanish (Plaintiff Calle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47. Defendants required Plaintiff Calle to purchase "tools of the trade" with his own funds—including $500 worth of tools, two drills, knives, tape measure, and a square.

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

49. Plaintiff Calle was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50. Defendants habitually required Plaintiff Calle to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

51. Defendants' time keeping system did not reflect the actual hours that Plaintiff Calle worked.

52. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Calle (and similarly situated individuals) worked, and to avoid paying Plaintiff Calle properly for his full hours worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Calle and other similarly situated former workers.

56. Defendants failed to provide Plaintiff Calle and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants failed to provide Plaintiff Calle and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff Calle brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59. At all relevant times, Plaintiff Calle and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

60. The claims of Plaintiff Calle stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Calle's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63. Defendants had the power to hire and fire Plaintiff Calle (and the FLSA class

members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

66. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Calle (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

67. Defendants' failure to pay Plaintiff Calle (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Calle (and the FLSA Class members), were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

69. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Calle overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Calle overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff Calle was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

73. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

74. With each payment of wages, Defendants failed to provide Plaintiff Calle with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75. Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS
### OF THE NEW YORK LABOR LAW

76. Plaintiff Calle repeats and re-alleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Calle with a written notice, in English and in Spanish (Plaintiff Calle's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

79.   Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

80.   Defendants required Plaintiff Calle to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

81.   Plaintiff Calle was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calle respectfully requests that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Calle and the FLSA Class members;

(c)   Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Calle and the FLSA Class members;

(d)   Awarding Plaintiff Calle and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff Calle and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Calle;

(g) Awarding Plaintiff Calle damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(h) Awarding Plaintiff Calle liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(i) Awarding Plaintiff Calle and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(j) Awarding Plaintiff Calle and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(k) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(l) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Calle demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
January 19, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E 42nd Street, Suite 4510<br>New York, New York 10165 | Telephone: (212) 317-1200<br>Facsimile: (212) 317-1620 |

Faillace@employmentcompliance.com

January 15, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       <u>Mauro Calle</u>

Legal Representative / Abogado:      <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:                   *[signature: Mauro Calle]*

Date / Fecha:                        <u>      15 de enero de 2018         </u>

*Certified as a minority-owned business in the State of New York*